# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

RICHARD BULLOCK
PLAINTIFF

VERSUS
№ 3:05-CV-037-M-A

KEITH SMITH, ET AL.
DEFENDANTS

## ORDER

This order dispenses with three outstanding motions: (A) Motion [№ 185] to Strike the Amended Complaint; (B) Motion [№ 182] to Reconsider the Order [№ 182] Striking Defendants' Expert; and, (C) Motion [№ 150] for Sanctions. The court considers each in turn.

### A. MOTION [№ 185] TO STRIKE THE AMENDED COMPLAINT

On March 27, 2007, the plaintiff filed his amended complaint, having received leave to do so from Chief Judge Mills by Order of February 15, 2007 [№ 179], "so long as the amendment is based upon new evidence and is not contrary to legal rulings previously made by this court" [№ 179, at p. 3]. By their motion [№ 185] to strike, the defendants argue that the amended complaint exceeds the leave granted. The undersigned disagrees and **DENIES** the motion to strike.

After briefing, two issues remain in the motion to strike.[1] First, the defendants posit that new allegations about Michael Mitchell are a precursor to naming Mitchell as a defendant. Second, the defendants argue that allegations concerning physical brutality are

---

[1] The defendants initially took issue with the vicarious liability claim against Sheriff Riley that resurfaced in the amended complaint. Chief Judge Mills had previously ruled that the claim was not cognizable. *See* [Order, № 154]. The plaintiff responded that the claim was reinserted solely to preserve it for appeal. Relying on that representation, the defendants withdrew the motion to strike as it pertained to that claim. *See* [№ 191, at p. 1].

old hat that the plaintiff could have inserted before the initial deadline ran. The plaintiff responds that the Mitchell allegations serve only as evidentiary support to bolster the plaintiff's pending claims against DeSoto County rather than as a new claim or a new version of a claim which has already been dispensed with by Chief Judge Mills. As for the brutality allegations, the plaintiff acknowledges their age, arguing that no prejudice befalls the defendants because they already knew about the allegations. The court agrees with the plaintiff in both respects.

It should be noted that Mitchell appears in at least five of the untimely-produced TASER reports. To establish county liability, the plaintiff may show a county policy of inadequate training or supervision. *See City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). The Mitchell allegations contribute to that proof. Because they reasonably derive from the untimely-produced TASER reports, they are within Chief Judge Mills's grant of leave.

Second, the brutality allegations are nothing new. The defendants knew about them from the original complaint, as well as the plaintiff's deposition. The court is hard pressed to believe that the allegations prejudice the defendants. The new allegations simply detail — not create or expand — the plaintiff's claim against the defendants. Only a hyper-technical reading of Chief Judge Mills's grant of leave, stripped from any context, could lead down the defendants' path. Rather, down the other road, leave to amend should be freely given when justice requires it. FED. R. CIV. P. 15(a).

In sum, the defendants' motion to strike is **DENIED**.

## B. Motion [№ 182] to Reconsider
## Prior Order Striking Defendants' Expert

The defendants asks the court to reconsider its Order of February 2, 2007 [№ 181] in which the court struck the defendants' designation of Dr. Mark Webb, who would have offered expert testimony about the plaintiff's mental condition during his arrest and detention. In striking that designation, the court relied on Chief Judge Mills's Order of November 21, 2006 [№ 159], which re-opened discovery for the limited purpose of examining belatedly produced TASER-related incident reports. Within that limited arena, the undersigned permitted the plaintiff to designate an expert, with the defendant able to designate a counter-expert. Given Chief Judge Mills's order, the undersigned could not have re-opened discovery entirely, which would be the only possible posture validating the defendants' arguments. To make certain, the court has reviewed its notes from the November 21, 2006 status conference among the parties; those notes confirm that this court only permitted expert designations *as to the belated production of TASER-related incident reports.*

Although the court understands the defendants' frustration over the time and expense involved in their designation of Dr. Webb, the court's prior order does not permit that designation. And, if the defendants perceived ambiguity, they should have asked the court to clarify its prior orders.

As the designation of Dr. Webb does not relate to the limited, re-opened discovery in this case, and as the defendants' Motion [№ 181] for Reconsideration offers no valid reason to deviate from the prior order in this case, the motion is **DENIED**.

## C. Motion [№ 150] for Sanctions against Defendant DeSoto County

The plaintiff seeks sanctions against Defendant DeSoto County for its failure to timely produce all TASER-related incident reports from the county jail. The plaintiff argues that sanctions are appropriate under FED. R. CIV. P. 37 because the belated production violated the defendant's discovery obligations, and the "[c]ounty's foot dragging . . . is indicative of bad faith" [№ 150, at p. 4].

The defendant responds that the plaintiff offered no evidence of bad faith and, moreover, it did not violate FED. R. CIV. P. 26(e)(2) because it supplemented its discovery responses as soon as it discovered additional TASER reports.

For the following reasons, the motion is **GRANTED**.

### I. *Standard for Imposing Discovery Sanctions*

FED. R. CIV. P. 37 governs discovery sanctions. In pertinent part, it provides authority to sanction a party "that without substantial justification fails to disclose information . . . or to amend a prior response . . . as required by Rule 26(e)(2)." FED. R. CIV. P. 37(c)(1). Courts impose discovery sanctions to (1) secure compliance with the discovery rules; (2) deter others from violating them; and, (3) punish those who do violate them. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). The Supreme Court and the Fifth Circuit Court of Appeals counsel district courts to exercise caution and ensure congruence between a violation and a sanction. *See, e.g., Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982); *Coane v. Ferrara Pan Candy Co.*, 989 F.2d 1030, 1032 (5th Cir. 1990); *FDIC v. Connor*, 20 F.3d 1376, 1381 (5th Cir. 1994) (example of incongruence: violation of order compelling interrogatory answers did not prejudice opposing party enough to justify dismissal of claims).

## II.    *DeSoto County Violated Rule 26(e)(2)*

A condition precedent to discovery sanctions is a discovery violation.[2] FED. R. CIV. P. 37 outlines the conditions that lead to sanctions. Relevant here is Rule 37(c)(1), where sanctions flow from a party's failure to supplement a prior discovery response without substantial justification. In deciding whether to sanction DeSoto County, the court must determine whether the county shirked its obligation to supplement without a substantial justification.

The defendant argues, by parsing policy and common meaning from Rule 26(e)(2), that it supplemented its discovery response once it discovered the additional records. That is true. But that argument misses the mark: a party's obligation to supplement is not limited only to additional information stumbled on by happenstance. Rather, a party has an affirmative obligation (unless relieved of it by a sustained obligation) to ensure this its search for discovery responses in the first instance is thorough and complete. *See Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (upholding discovery sanctions against a party who should have disclosed information earlier in the case).

Discovery, contrary to the defendant's arguments, is not a mere reactive forum. Were it so, a party could casually peruse one filing cabinet (of many) and find nothing responsive,[3] allow the case to proceed considerably, and, suddenly on the eve of trial, offer the results of a thorough search as an amendment or supplementation under Rule 26(e)(2).

---

[2] Of course, for particularly deplorable conduct (not present here), the court may exert its inherent authority to punish the offending party. *See Chambers v. NASCO, Inc.*, 502 U.S. 32, 50 (1991).

[3] As detailed in Section III, the analogy is not far off. While the court sees no intentional misconduct, negligence is manifest.

Under defendant's argument, through technical compliance that party would suffer no consequence.

That result is inconsistent with federal discovery policy and, for that matter, common sense. The court concludes that the defendant DeSoto County lacked substantial justification for its failure to timely discover and produce the TASER reports.

III.    ***Caution and Congruence***

As previously mentioned, the court should ensure congruence between a discovery violation and a discovery sanction. *See Coane*, 898 F.2d at 1032. The Fifth Circuit has offered these factors to be considered:[4] (1) willfulness, (2) delay and public interest, (3) attribution to the client, and (4) substantial prejudice.

***Willfulness***. Despite the plaintiff's declarations, he presents no evidence that the defendant's tardiness was willful, intentional, or designed to stall this case. To the contrary, it appears that defense counsel, once he learned that a new search was possible, immediately called for the search, which the defendant executed, turning over the additional, TASER reports. Although lack of wilfulness does not exonerate the defendant, it does enter the court's calculus in fashioning an appropriate sanction.

***Delay and Public Interest***. The defendant's untimely production has caused substantial delay in this case. Besides recessing the trial, the untimely production has necessitated re-opening discovery as it relates to these additional, TASER reports. That delay is undoubtedly prejudicial to all parties, as law suits do not improve with age. Moreover, the

---

[4] Considering these factors is not mandatory; moreover, the factors are not equal in importance. Rather, this court compiled them from Fifth Circuit precedent, most notably *Coane*. Importantly, *Coane* dealt with the extreme sanction of involuntary dismissal. Although differing in degree with this case, *Coane*'s underlying message of caution and congruence informs the court's decision here.

public is always interested in preserving judicial resources and seeing civil cases resolved. *Coane*, 898 F.2d at 1032.

**Attribution to the Client**. In this case, the culpability rests solely with the defendant, DeSoto County, as it failed to search its computer records thoroughly. It is readily apparent that the defendant acted negligently by not having an operator knowledgeable about the search capabilities of the defendant's computer system. That is akin to the court's clerk not realizing that he may search for cases by the last name of party, as opposed to merely by case number. Moreover, given the number of additional TASER reports, the defendant implausibly concluded that only a handful of TASER reports existed in the entire universe of the jail incident reports. On the whole, the defendant is solely responsible for the tardiness. The defendant's counsel, on the other hand, acted forthrightly in ordering a search once he discovered that a search was feasible and in thereafter disclosing the records promptly to the defendant. Counsel's proper conduct exemplifies the spirit intended by the rules.

**Substantial Prejudice**. In considering a sanction, the court looks at how much prejudice derived from the discovery violation. Besides an abstract determination of the quantity of prejudice, the court may also consider the materiality of the untimely-produced evidence; this consideration is a proxy of sorts for prejudice. *See, e.g., Wilson v. Volkswagen, Inc.*, 521 F.2d 494, 503-04 (4th Cir. 1977). This consideration requires a cursory look at the plaintiff's claim against DeSoto County.

This is a 42 U.S.C. § 1983 case, where the plaintiff alleges that the defendants deprived him of his constitutional rights under color of state law. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the county may be liable if "the execution of

[the county's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Id.* at 694. There are five possible avenues to holding the county liable; discussing each is not necessary. It suffices to recognize that the additional, TASER reports are potential evidence for each. For example, the more instances of conduct, the more apparent a pattern of conduct. As a matter of proof in this area of law, a truism appears: *the more the better*. By failing to timely produce all TASER reports, the defendant prejudiced the plaintiff's ability to show a pattern, demonstrate a favorable inference from them, and plan a strategy to assert county liability.

The court concludes that the untimely production of this material evidence substantially prejudiced the plaintiff, justifying a continuance of the trial, which was on track to have been, and should have been, conducted on August 14, 2006. By the time this case finally is tried, the delay will have been two years and four months.

IV. **Sanction**

With the previous discussion in mind, the court must now determine an appropriate sanction for the defendants' conduct. In calculating an award, the court is mindful that it previously ordered the defendant to pay for an independent representative to search the defendant's computer system. *See* [Order, № 157]. The court will, therefore, take that outlay into account in its calculations under this Order.

Based on the foregoing, the court awards the plaintiff: its reasonable (1) attorney's fees and (2) expenses caused by the defendant's untimely production, as a monetary sanction. By **February 11, 2008**, the plaintiff shall prepare a statement of attorney's fees and expenses that *counsel reasonably believes are attributable to the defendant's untimely pro-*

*duction*, bearing in mind that the court is unlikely to award fees for two attorneys performing one task. The defendants shall then have until **February 22, 2008** to object any item listed in the plaintiff's statement. Thereafter, the court will dispose of any objections, arriving at a final calculation.

### D. CONCLUSION

To summarize:

(A) The motion [№ 185] to strike is **DENIED**;

(B) The motion [№ 182] to reconsider is **DENIED**; and,

(C) The motion [№ 150] for sanction against DeSoto County is **GRANTED**.

**SO ORDERED**, this the 31st day of January, 2008.

/S/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE